## George A. Huff, Administrator, v. The Peoria & Eastern Railway Company et al.

1. PECUNIARY LOSS—*when presumed in action for death caused by alleged wrongful act.* In such an action actual damages are presumed where the deceased left a father and mother him surviving.

2. PECUNIARY LOSS—*what evidence tends to establish.* Evidence to the effect that the deceased had agreed to reimburse his father for the expense of his education by assisting in the education of his sisters, is evidence which tends to establish pecuniary loss to such father, and its exclusion is error.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed April 9, 1906.

RAY, DOBBINS & RILEY, for appellant.

GEORGE W. GERE and HAMLIN & GILLESPIE, for appellees; L. J. HACKNEY, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellant against the P. & E. Ry. Co., the owner, and the C., C., C. & St. L. Ry. Co., the lessee and operator, of a railroad running through the city of Champaign. The amended declaration charges, in substance, that while appellant's intestate was a passenger upon a train of cars operated by said lessee railway company, the car in which he was riding, through the negligent failure of said company to properly maintain its track and operate its said train, was thrown from said track and overturned, thereby causing the death of appellant's intestate. The declaration further avers that the deceased left him surviving his father, mother, one brother and two sisters, who were by means of the premises, "deprived of the pecuniary benefit which they did then reasonably expect to receive from the continued life" of the deceased.

The defendants pleaded the general issue and the cause was submitted to the jury. Upon the conclusion of the plaintiff's evidence, the presiding judge, upon motion of the defendants, instructed the jury to find the defendants guilty, and to assess the plaintiff's damages at the sum of one dollar. Judgment was rendered upon said verdict to reverse which the plaintiff prosecutes this appeal.

The leading question presented for our determination is whether the court erred in instructing the jury to assess the plaintiff's damages at a nominal sum. The evidence shows that the deceased was at the time of his death twenty-four years of age; that he had attended the University of Illinois

as a student in architecture for nearly five years; that prior to that time he had been employed for one year in the office of an architect; that he left him surviving his father and mother, a brother and two younger sisters. There is no evidence in the record that he had ever contributed anything toward the support or assistance of his parents or brother and sisters, nor was it shown that he had accumulated any estate. Upon the trial the plaintiff offered to prove that prior to entering upon his course at the university, the deceased had promised his father that if he and the family would pay the expenses of his attendance and graduation at the university, he would, upon completing his course, out of his then prospective earnings, pay the expenses of his younger sisters through college, and that if any mishap should befall the father, he would assume the burden of supporting and maintaining the family. The court held that the evidence offered was incompetent and sustained the objection of the defendants to the same.

The evidence further showed that the deceased at the time of his death was a strong, healthy, vigorous man, and a bright and successful student. Evidence was offered that he was also an athlete of extraordinary skill and ability, especially as a baseball player; that he was under contract with a baseball organization to enter its employment immediately upon his graduation in the following June, at a salary of $300 per month. This evidence the court held was also improper.

It is contended by appellees that in an action brought by an administrator for personal injuries resulting in the death of an unmarried adult, who leaves surviving him his parents and brothers and sisters, nominal damages only can be recovered, unless it be shown that, during the lifetime of the deceased, he made contributions toward the support of them, or some of them. A determination of the correctness of such contention will be decisive of the principal questions here involved.

In actions of this character the sole measure of damages is the pecuniary loss sustained by the next of kin of the

deceased person, by reason of his death.   It is well set-
tled that to enable collateral kindred of the deceased to re-
cover other than nominal damages, it must be shown that
such kindred have been receiving pecuniary assistance
from the deceased.   City v. Scholten, 75 Ill. 471;  Holton v.
Daly, 106 Ill. 138;  Ry. Co. v. Brodie, 156 Ill. 321;  Ry. Co.
v. Wangelin, 152 Ill. 142.   We regard it as also well settled
that if the action is by a surviving wife or husband, or if
the relation of the next of kin is lineal, as that of parent
or child (Willis v. Grizzell, 198 Ill. 317), the law presumes
pecuniary loss from the fact of death alone; that the pe-
cuniary loss to such lineal kindred is only what the life of
the deceased was worth in a pecuniary sense to them, which
is to be determined by proof of the personal characteristics
of the deceased, his mental and physical capacity, his hab-
its of industry and sobriety, the amount of his usual earn-
ings, and what he might in all probability have earned
and added to his estate had he lived.   R. R. Co. v. Wool-
ridge, 174 Ill. 334.   And where the suit is brought for the
death of a minor, damages may be recovered not only for
the pecuniary value of the services of the deceased, but for
the pecuniary benefits which the next of kin may have de-
rived from such minor, at any age of life.   R. Co. v. Then,
159 Ill. 543.

That this is the law where an action is prosecuted by a
father or mother for the loss of a minor child, is con-
ceded by counsel for appellee, but it is insisted that
where the child is an adult, a different rule applies; that
inasmuch as no legal obligation rested upon the deceased
to contribute to the support of the beneficiaries, in order
to recover more than nominal damages, substantial dam-
ages must be affirmatively proved, and that unless it is
shown that during his lifetime the deceased made contri-
butions to some or all of them, substantial damages cannot
be awarded.   So far as the brother and sisters of the de-
ceased are concerned, such contention is well founded, as
they are clearly collateral kindred.   If, however, the rights
of the parents of the deceased in the matter of damages are

different and greater than those of his brother and sisters, the court manifestly erred in treating all as of the same class, having the same rights, as it did by directing the verdict returned. Ry. Co. v. Then, *supra*. In the case of R. R. Co. v. Woolridge, 72 App. 555, in discussing the measure of damages in cases of this character it was said: "* * * For the next of kin to recover more than nominal damages, the proof must show the next of kin were supported, in whole or in part, by the deceased, or that he was bound by law to support them, because they were in a state of dependence. This is the character of the evidence complained of. The witness testifies that at the time of his father's death, he was entirely dependent on him for support; this state of dependency was created by his physical condition. Without this state of dependency his father would not have been bound by law to support him, as he was over twenty-one years of age. His father not being bound to support him, any fact or circumstance which tended to establish the existence of this dependency was material and proper. Without this only nominal damages could be recovered."

Upon appeal, the Supreme Court, in discussing this proposition, used the following language: "It is said in support of this position that in order to recover more than nominal damages the proof must show that the next of kin were supported in whole or in part by the deceased, or that the deceased was bound by law to support them, because they were in a state of dependence. As to Clarence Woolridge it is further said, without this state of dependency his father would not have been held by law to support him, as he was over twenty-one years of age, and therefore this evidence was said to be material to enhance the damages. This view of the law is not in accord with the rule laid down by this court in relation to a recovery by lineal next of kin. * * * If the next of kin are collateral it is a material question whether they were in the habit of claiming and receiving pecuniary assistance from the deceased. If they were not, they can recover only nominal damages.

If they were lineal, the law presumes pecuniary loss from the fact of death." R. R. Co. v. Woolridge, 174 Ill. 333.

The statute upon which the suit at bar is predicated is substantially a copy of that of New York, upon the same subject, and the construction placed upon it by the courts of that state is proper to be considered in this connection. In Johnson v. Long Island R. Co., 80 Hun, 306 (affirmed, 144 N. Y. 719), the deceased was a single man, thirty-three years old, and worked for his father with whom he resided. He was paid no fixed wages, but such amounts as the father deemed proper. A judgment in favor of the father for $5,000 was sustained. In Bierbauer v. R. Co., 15 Hun, 559, a recovery of $5,000 by a father for the death of an unmarried son twenty-one years of age and earning $25 a month, was upheld by the court. Predmore v. Power Co., 91 N. Y. Sup. 118, was a suit by a father for the death of his son twenty-one years of age and unmarried. A judgment for $2,000 was sustained. In Kane v. Mitchell Trans. Co., 90 Hun, 65 (affirmed, 153 N. Y. 680), the deceased was unmarried and about twenty-six years of age. He left as his next of kin a widowed mother and adult brothers and sisters. A judgment in favor of his administrator for substantial damages was sustained. In neither of the foregoing cases does it appear from the statement of facts embodied in the opinion that the deceased had ever contributed in any way to the support of the parent for whose benefit the suit was brought. In the case of the I. C. R. R. Co. v. Barron, 72 U. S. 90, the deceased was a bachelor thirty-five years of age and left a father, brother and sisters. The defendant asked the trial court to instruct the jury that "to entitle the plaintiff to anything beyond merely nominal damages the parties for whose benefit the action is brought must be shown by the evidence to have had a legal interest in his life and that by his death they have been deprived of something to which they had a legal right." The instruction was refused and the jury returned a verdict for $3,750. The Supreme Court sustained the trial court and while limiting the recovery to pecuniary damages, said that this statute is based upon the theory that

"if the person injured had survived he would have added much to his personal estate which the law on his death, if intestate, would have passed to his next of kin; in case of his death by the injury the equivalent is given by suit in the name of the personal representative." Milling Co. v. Sharp (Col.), 38 Pac. Rep. 850, was an action by a father for the death of his son, who, while the opinion fails to specifically so state, was evidently an adult. It was urged that the plaintiff could not recover for the reason that he had failed to show any absolute pecuniary loss through the death of his son. In discussing the question the court says: "It is * * * exceedingly clear that while it is permitted to give testimony concerning the relations of the deceased to the plaintiff, in order to form a just estimate of the probable damage, yet the recovery is not to be measured or determined by the extent of the contributions or support furnished by the one to the other. In other words, although the deceased, as a son, may never yet have contributed to the support of his father, yet when the son's age, habits, earning capacity, and the age of the father are once established, a recovery may be had for the probable injury which the father has sustained in the loss of his son. That this is true is evident from the affirmance of judgments which have been entered in favor of parents for the killing of minor children of tender years, who at the time of the death have contributed nothing to the parents' support, but, on the other hand, have been a constant expense and care. These same cases likewise sometimes show that the parents were not in indigent circumstances, or in absolute need of aid from their children. Yet a recovery was permitted on the hypothesis that there was a probable prospective damage, which the parents or relatives had sustained, and for which they were entitled to maintain suits. There was nothing in this case to show that the son had ever contributed to the support of his father, and yet the relationship, and their relative ages and habits, were of the description which warrants a recovery for the possible injury."

We recognize the difficulty of ascertaining with any degree of mathematical accuracy or precision the pecuniary damages which have been sustained by the next of kin in this class of cases. We are not prepared to say, however, that as a matter of law they are merely nominal. It is doubtless true, as urged, that such damages are necessarily indefinite, prospective and contingent. A like difficulty, however, arises to a greater or lesser degree in all actions for the recovery of damages for personal injury or death. In the case at bar the deceased may have, had he lived, under certain contingencies, owed and responded to a duty either legal or moral, or both, to assist or support his parents in a pecuniary sense.

It is possible, of course, that because of lack of success in business, poverty, ill health, or other misfortunes or reasons, he might have failed to do so. It is the duty of the jury, however, in such cases to take into consideration the relations of the parties together with the physical and mental capacity, ability, habits of industry and sobriety, the prospects of the deceased, and what he might in all probability have earned; and from such facts and circumstances by applying their own observation, knowledge and experience in the ordinary affairs of life, to determine as accurately as may be, the probable or even possible benefits which might have been received by the parents, modified by the chances of failure or misfortune, or other contingencies which could and might lessen or destroy the possibilities of such benefits.

In so far as the views announced in the earlier Illinois cases cited by counsel for appellee conflict with those expressed in the Woolridge case, *supra*, they must be held to have been modified or overruled thereby. It is contended that the words "lineal kindred" as used in that case were intended by the court to include lineal "descendants" merely. No such distinction has been drawn by the Supreme Court of this state, and we are not prepared to hold that the same was intended in that instance.

In the light of the foregoing authorities we are con-

strained to hold that whether or not the deceased had contributed to the support of his next of kin is material only as to his collateral kindred, to wit, his brother and sisters; that the rule that actual damages are presumed in cases of lineal kindred, such as parent and child, is not limited to minor children, but extends to parents and adult children, and that inasmuch as the deceased left a father and mother surviving him, it was error to instruct the jury that appellant was entitled to recover nominal damages only.

The trial court refused to admit evidence tending to show that deceased had agreed to reimburse his father for the expenses of his education by assisting in educating his sisters. The following cases cited by appellees in support of their general contention that nominal damages only are recoverable, are, we think, ample authority for the admissibility of the evidence in question.

In R. Co. v. Shannon, 43 Ill. 339, which was an action of this character, an agreement by the son to keep paid the premiums of a life insurance policy on his father's life for the benefit of his mother, was considered by the court in passing upon the question of the excessiveness of the verdict. In Penn. R. Co. v. Adams, 55 Pa. St. 499, also an action of this character, it was held that proof of the fact that the deceased, a son, had promised to give his bounty money to his father was competent. In Milling Co. v. Sharp, *supra*, it was held that evidence of an arrangement between the deceased and his father, for a loan by the former to the latter, was admissible on the question of damages. In the case of Fordyce v. McCants, 51 Ark. 509, the deceased was an adult and unmarried. The action was for the benefit of his father. The court held that the plaintiff could recover substantial damages for the father of the deceased only by showing that the deceased assisted in, or contributed money to his support, or that the father had a reasonable expectation of pecuniary benefits from the continued life of his son, the reasonable character of such expectation to appear from the facts in proof. Smith v. R. Co., 6 S. Dak. 583, was also an action for the benefit of the father of the de-

Huff v. Peoria & Eastern Ry. Co.

ceased, an adult, unmarried son. It was held that inasmuch as it did not appear that since the deceased became of age, he had contributed money to the support of his father, or that his father had any reason to expect that he would contribute anything in the future, the plaintiff had shown no pecuniary loss for which he could recover. In Mining Co. v. Limb, 47 Kan. 469, which was an action for the benefit of the parents of a deceased adult and unmarried son, it was held that in the absence of evidence that the deceased had been of actual benefit to the parents, or that any benefits might be reasonably expected by the continuance of his life, no more than nominal damages could be recovered, and that there must have been evidence either of actual damages, or those in expectation, before the jury could give substantial damages.

In volume 8 of Am. & Eng. Ency. Law, page 922 (2nd Ed.), the rule is thus stated: "When the action is by the parent of an adult son, substantial damages are recoverable only by showing that the deceased had been of actual pecuniary benefit to his parent, or that such benefit might be reasonably expected by the continuance of his life, the reasonable character of such expectation to appear from the facts in evidence."

We think the evidence in question was competent, not for the purpose of enabling the father to recover as a creditor upon the contract nor to establish special damages, but as tending to show the disposition and ability of the deceased to render benefit to his father, and that such benefits might reasonably have been expected had he continued to live.

For the reasons indicated the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*