### George A. Huff, Administrator, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company.

1. VARIANCE—*when objection for, comes too late.* An objection for variance comes too late when first made on appeal.

2. PASSENGER AND CARRIER—*duty of former to latter.* A carrier is required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted, and the practical operation of its road, to prevent accidents to passengers riding upon its trains.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

RAY & DOBBINS and W. B. RILEY, for appellant.

GEORGE W. GERE and HENRY I. GREEN, for appellee; HAMLIN & GILLESPIE and L. J. HACKNEY, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This cause is before this court for the second time. Upon the former appeal a judgment in favor of the plaintiff was reversed and the cause remanded for the reason that the trial court at the conclusion of the plaintiff's evidence, upon motion of the defendants, instructed the jury to find the defendants guilty but improperly further instructed them to assess nominal damages only. The nature of the pleadings is sufficiently stated in the former opinion of this court which is reported under the title of Huff v. P. & E. Ry. Co., in 127 Ill. App. 242.

Upon remandment the suit was dismissed as to the Peoria & Eastern Railway Company and a second trial had by jury which resulted in a verdict in favor of appellee. The evidence established beyond question that appellant's intestate, on January 9, 1905, became a passenger for hire upon one of appellee's passenger trains for the purpose of being carried from Peoria to Champaign; that the coach in which he was riding became derailed and overturned thereby causing his death, and that he was at the time in the exercise of due care. In this state of the proof, under the doctrine *res ipsa loquitur*, the legal presumption arose that the accident was due to the negligence of the carrier and it devolved upon the defendant to explain or account for the accident, and to prove that it resulted from a cause for which the defendant should not be held responsible. Ry. Co. v. Blumenthal, 160 Ill. 40; R. Co. v. Reynolds, 88 Ill. 418; I. C. R. R. Co. v. Rothschild, 134 Ill. App. 504; Ry. Co. v. Barker, 209 Ill. 329. In addition to the foregoing facts appellant sought to prove, under the general charge of negli-

gence in the declaration, and as a part of his case in chief, that the track east and west of the point where the accident occurred was rough and out of repair; that the ties under the track were rotten and the rails insecurely fastened thereto; and that a frog which connected the main track with a side track was defective, and that the accident was due to one or more of such conditions.

For this purpose several witnesses were called to show the condition of the frog, track and rails, and other surroundings near the point of derailment, as they had observed the same from three to twelve days after the accident. The court refused to admit such evidence or to permit appellant to show further that the same conditions and surroundings existed at the time of the accident. It is contended by appellant that in this respect the court erred, while appellee insists that the rulings of the court were proper for the reasons that the averments of the declaration were not sufficiently broad to justify its admission; that there was a failure to prove that the surrounding conditions were the same, as at the time of the accident; that the meteorical conditions were materially different; that the proof shows that there was nothing unusual in the running of the train prior to the instant of the derailment and that therefore the condition of the track over which it had passed was immaterial, and lastly that the proof shows that thereafter there was a decided change in the character of the track àt the point of the accident and entirely new conditions existed and that for that reason the evidence was immaterial.

As to the first reason assigned, it will suffice to say that as no specific objection to the evidence on the ground of variance was interposed, the question is not now before this court. R. Co. v. Harwood, 90 Ill. 426; Hinton v. Ring, 111 Ill. App. 369; Ry. Co. v. McClain, 211 Ill. 589.

In Ry. Co. v. Southworth, 135 Ill. 253, the declara-

tion, as in the case at bar, charged general negligence in the care of the track and the running of the train. The wreck there involved occurred March 11, 1887. Two witnesses testified that they assisted in repairing the track of the defendant at and near the place of the accident during the months of August and September, 1887; that they took out ties that were rotten and rails that were battered; that some of the ties were too small and some of the rails very short; and that the road-bed was not ballasted. In referring to such testimony the court said: "It is insisted that this evidence was incompetent because it was confined to a time long after the injury and because it is not limited to the place of the accident. Plaintiff's case does not proceed upon the theory that he was injured by reason of a defect in the track or road at the very place where the car in which he was riding was wrecked, but because of the rapid running of the train over an imperfect track. It was therefore competent for him to show the condition of the track over which the train had to pass before reaching the point where the derailment occurred. The other objection to the competency of this evidence is of more force, but we think in view of the allegations of the declaration and other evidence introduced by plaintiff, it was not error to admit it. The proof tended to show that the road-bed and track remained in about the same condition from the date of the accident during the summer of 1887 to the time of which these witnesses speak. While as a general rule evidence of defects in the track so long after the injury would not be admissible, yet being connected with other proof showing that the condition remained substantially the same, it becomes competent. * * * Proof that the road-bed was too narrow and not ballasted, that ties were too small and the rails too short or light in August or September, would tend very strongly to show that the same things existed the previous March."

In R. R. Co. v. Lewis, 145 Ill. 78, a witness was per-

mitted to testify as to the condition of ties which he found shortly after the accident piled along the side of the track where it was apparent that part of the old ties had been removed after the accident and new ties put in their place. The court there said: "We are of opinion that his examination of the ties being recently after the accident and at the place of derailment, was competent testimony when it was offered, to go to the jury to be considered for what it was worth by them as tending to establish the condition of the ties at the time of the injury to appellee."

Thompson on Negligence (Vol. 6, § 7831) lays down the rule in the following language: "Testimony of the witness as to his examination of the ties made after the accident and at the place of derailment, and their condition at that time, is competent, where offered for the sole purpose of establishing their condition at the time of the injury."

In McCulloch v. Dobson, 133 N. Y. 114, the condition of machinery in a mill at a particular date was involved. It was there held that evidence of the condition of machinery at a particular date is competent ordinarily to show what its condition was shortly before. That it is not necessary that the witnesses should have seen the machinery at or before the time when its condition is to be ascertained, and the fact that they did not examine or see the machinery at the very day, nor till some days or even months subsequent to the time in question, may affect the value but ordinarily not the competency of the testimony.

In City of Bloomington v. Osterle, 139 Ill. 120, the court held that in a suit against a city for an injury received from a defective sidewalk, where the defect in the walk was alleged to be that the stringers were rotten and decayed, so as not to hold the nails fastening the board to them, such allegation may be supported by proving the condition of the walk within a reasonable time after the accident.

Appellant voluntarily assumed the burden not cast

upon him by law, of attempting to show in the first instance the exact negligence which he claimed caused the derailment. This he had the right to do, and in view of the foregoing and other authorities, we think the evidence in question was competent for such purpose.

The law in regard to the degree of care required of appellee in the operation of its railroad is incorrectly stated in several of the instructions given in behalf of appellee. The fourteenth told the jury that even though the defendant "had been negligent in some particulars in the maintenance of its railroad track east and west of the place in question where the car was derailed, still if the track was in reasonably such safe repair and condition" etc., their verdict should be for the defendant. The fifth in effect told the jury that the defendant was required to exercise reasonable foresight only to keep its tracks and roadbed in safe condition. These instructions should not have been given. It is not the law that railroad companies are bound to use a reasonable degree of care only, or that they are required merely to keep their tracks in reasonably safe repair. They are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted, and the practical operation of their railroads, to prevent accidents to passengers riding upon their trains. The second and third instructions are misleading in that they informed the jury that at certain stages of the proof "the burden shifts" without stating upon whom it rested in the first instance or to whom it afterwards shifted.

Other instructions were given which are subject to more or less criticism as being inaccurate and misleading, of which time and space forbid specific discussion. The contention that in no event could a verdict for the defendant be sustained because it requested and submitted to a former verdict against it for nominal damages, is without merit. Appellee was not

in any way bound or estopped by the former judgment which was reversed and became ineffective for any purpose.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*