CHICAGO—FIRST DISTRICT—JUNE, 1910.    457

Rautman v. Chicago Consol. T. Co., 156 Ill. App. 457.

Henry F. Rautman, Administrator, Appellee, v. Chicago Consolidated Traction Company, Appellant.

## Gen. No. 15,083.

1. INJURIES ACT—*upon whom cause of action conferred.* This act is to be liberally construed and so construed it confers a cause of action upon a husband for the death of his wife caused by the wrongful act of the defendant.

2. DAMAGES—*presumption in actions under Injuries Act.* The law presumes damage to have resulted to adult children from the death of their mother.

3. INSTRUCTIONS—*upon question of damages in action under Injuries Act approved.* An instruction upon this subject as follows, approved:

"The court instructs the jury that if, from the evidence in the case and the instructions of the court, the jury shall find the issues for the plaintiff and that the husband and next of kin of said deceased have sustained damages by way of pecuniary loss, as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury themselves may make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the affairs of ordinary life."

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 28, 1910.

JOHN A. ROSE and FRANK H. KRIETE, for appellant; W. W. GURLEY, of counsel.

GAIL E. DEMING, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought by Henry F. Rautman, as administrator of the estate of Frances J. Rautman, deceased, against Chicago Consolidated Traction Company, appellant, to recover damages sustained by the husband and next of kin

458        Appellate Courts of Illinois.

Rautman v. Chicago Consol. T. Co., 156 Ill. App. 457.

of the deceased, by reason of the negligence of the defendant causing the death of plaintiff's intestate on August 17, 1904. Defendant's street cars were propelled against a train of cars of the Chicago Great Western Railway Company at the intersection of the Chicago Terminal Transfer Railroad Company's right of way with Forty-eighth avenue in the city of Chicago. On the trial the jury returned a verdict for $4,000, in favor of the plaintiff. The court required a *remittitur* of $500, which being entered, the court denied a new trial, overruled a motion in arrest of judgment and entered a judgment on the verdict.

The next of kin besides the husband were three adult children, and one child between the age of twenty and twenty-one years who died before the cause came on for trial. Frances J. Rautman, plaintiff's intestate, at the time of her death was between fifty-seven and fifty-eight years of age. Her children, with the exception of William C. Hawthorne, her son by a former marriage, all lived at home with their mother and father and paid their board. The deceased was a housewife, kept her husband's household and cared for him and their children. Besides these duties she took care of a flat building, consisting of three flats, renting and collecting the rents and looking after the repairs. Her husband was in the milk and dairy business conducted on the premises No. 839 Washington boulevard, where they lived. The deceased assisted her husband in this business. There was a mortgage on the flat building at the time of Mrs. Rautman's death which she was endeavoring to pay off out of the rents of the building. That mortgage was still on the premises at the time of the trial. Without objection the plaintiff testified that if the deceased had lived she would have paid off the mortgage. In fact this testimony was brought out on cross-examination of the plaintiff.

Counsel for appellant say in their brief filed in this cause that there is no question raised as to the liability of the defendant, it being conceded that deceased came to her death in a grade crossing collision while a passenger on appellant's cars.

The contentions of appellant are that the statute does not give an action for the benefit of the husband for a wrongful act resulting in the death of the wife; second, that no evidence was offered of pecuniary loss to the adult children; third, that the verdict should have been for only nominal damages; fourth, the verdict and judgment are excessive, and fifth, the court erred in giving plaintiff's instruction.

The first question as to the right of recovery for the benefit of the husband for the death of the wife through the wrongful act of the defendant being given by the statute is settled by City of Chicago v. Major, 18 Ill. 349, and C. C. C. & St. L. Ry. Co. v. Baddeley, Admr., 150 Ill. 328.   The statute is to be liberally construed, and although the husband is not mentioned in the statute, the construction given to the statute in the above cited cases gives to the husband as well as to the wife the right to recover pecuniary loss for the death of the other.

As to the second contention that there is no evidence of pecuniary loss to the adult children, the law presumes pecuniary loss from the fact of death.   C. P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330, 334, and cases there cited; Huff v. Peoria & Eastern Ry. Co., 127 Ill. App. 242; Grace & Hyde Co. v. Strong, 127 *id.* 336.   But, aside from this presumption, we think the evidence in this case furnishes an abundant basis for a finding by the jury of a substantial amount of damages.   The deceased was a woman possessing practical business ability and of good industry and thrift. We think the evidence shows that her industry and business ability was of value to her husband and children.   The extent of their pecuniary loss was for the jury to estimate from the facts and circumstances proven.   As said in the Woolridge case, *supra,* "the poverty, wealth, helplessness or dependence of the lineal next of kin is immaterial on the question of the amount of the recovery under this statute.   That feature is not at all to be considered in measuring or estimating the loss sustained, or in determining the liability, in case of lineal kindred, where there is a death caused by a wrongful act."

We do not regard the damages allowed in this case as excessive under the facts and circumstances shown in the evidence.

At the request of the plaintiff the court instructed the jury as follows:

"1. The court instructs the jury that if, from the evidence in the case and the instructions of the court, the jury shall find the issues for the plaintiff and that the husband and next of kin of said Frances J. Rautman, deceased, have sustained damages by way of pecuniary loss, as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury themselves may make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the affairs of ordinary life."

This instruction is criticised by appellant's counsel upon the ground that the jury are referred to the declaration as a basis for determining the damages suffered by the husband, and the declaration contains an improper element of damages. We think it is a strained and unreasonable construction of the instruction. The criticism is without merit. The damages claimed in the declaration and each count are those sustained by way of pecuniary loss only. The proposition of the right of the husband to recover, involved in the instruction, is sustained, as we have above held, by the authorities cited on that point. In our opinion the Married Woman's Act does not prevent a recovery by a husband in this class of cases for any pecuniary loss of the wife's services which the jury may find, from the facts and circumstances proven, the husband might reasonably have expected to receive had she lived. Instructions are to be considered together as a series, and when so considered, if as a whole they state the law correctly, there is no error. The fourth and fifth instructions given on the request of the defendant confine the damages to such only as will make good the pecuniary loss, if any, shown by the evidence, and exclude mental suffering and loss of domestic or

social happiness, and the degree of culpability of the defendant, if any, as not proper elements in the calculation of damages, and also exemplary or vindictive damages.    The jury are told that they must be guided solely by the evidence in the case and the law as stated in the instructions; and that, "in determining the amount of damages they are limited solely to the consideration of what the pecuniary or property interest of such next of kin in the life of the deceased was in case her death had not occurred at the time in question in this case."

We think the rights of the defendant were carefully guarded and protected in the instructions of the court.

Finding no substantial error in the record the judgment of the Circuit Court is affirmed.

*Affirmed.*