GEORGE KELLER *et al.*

*v.*

FRANKLIN W. BRICKEY.

1. PLACITA—*necessity thereof.* Where the record in the court below, as shown by the transcript filed in this court, contains no *placita* or convening order of the court, so that it does not appear from the transcript before what judge the cause was tried, or whether it was in fact heard before the judge who appears to have signed the bill of exceptions, such defect in the transcript is ground for reversal.

2. SAME—*absence of, in the transcript, how may be supplied.* The attestation of the clerk imports verity, and, the transcript being certified to this court as being complete, if it was incomplete the appellee should have obtained leave and caused a perfect record to be filed. His omission to do so is fatal.

APPEAL from the Circuit Court of Randolph county.

Messrs. SNYDER & DILL, and Mr. JAMES H. WATTS, for the appellants.

Mr. WILLIAM H. UNDERWOOD, and Mr. AMOS WATTS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The record in this case contains no *placita* or convening order of court. It does not appear from anything in it before what judge the cause now sought to be reversed was tried, or whether it was in fact heard before the judge who signs the bill of exceptions. This defect is not aided, as suggested by counsel, by the certificate of the clerk.

The record is certified to us as being complete, and the attestation of the clerk thereto imports verity. If the record is incomplete, the appellee should have obtained leave and caused a perfect record to have been certified to us. This he did not do, and the omission is fatal.

The case falls within the rule announced in the *Planing Mill Lumber Co. et al. v. The City of Chicago,* 56 Ill. 304, and must be governed by it.

For the defect in the record, the judgment is reversed and the cause remanded.

*Judgment reversed.*