## JEREMIAH SWARTZBAUGH

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

85   457
59a   41
61a 249

1. INDICTMENT *for killing, wounding, etc., domestic animals.* An indictment for malicious mischief in wounding horses, is not bad because it fails to aver that the horses were domestic animals.

2. SAME—*negativing proviso.* An indictment under sec. 203 of the Criminal Code, for wounding, etc., of horses, need not negative the proviso by stating that they were not so wounded, maimed and disfigured by the defendant's putting out poison to destroy sheep-killing dogs. Had the charge

been in respect to dogs, it seems it would have been necessary to negative the proviso.

3. CONVENING ORDER—*should appear in the record.* If the transcript of the record in a criminal case fails to show any convening order of the court at the term the defendant is tried, the judgment of conviction will be reversed. It is not enough that the clerk states there was such a term.

WRIT OF ERROR to the Circuit Court of Edwards county.

This was an indictment, in the court below, against Swartzbaugh. It is alleged in the first count, that on a certain day, at, etc., the defendant " unlawfully, willfully and maliciously did, then and there, by shooting and cutting, wound, maim and disfigure two bay mares. the said bay mares then and there being the property of," etc., " then and there of the value," etc., " contrary to the form of the statute," etc.

The second count alleged, that on a day named, at, etc., the defendant " unlawfully, willfully and maliciously, did then and there wound, maim and disfigure two horses, the property of," etc., " then and there being, by shooting and cutting the said horses, with intent in him," the said defendant, " then and there, that the life of the said horses should be thereby destroyed, contrary to the form of the statute," etc.

A trial resulted in the conviction of the defendant, and judgment was entered accordingly. He thereupon sued out this writ of error.

Messrs. HANNA & ADAMS, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case, plaintiff in error entered a motion in the court below to quash the indictment, which was overruled. A trial was had, resulting in a conviction. A motion in arrest of judgment was denied, a fine of $300 was imposed, and a judgment for the same and for the costs of the proceeding was entered, to reverse which this writ of error is prosecuted, and errors assigned on the record.

It is urged that the indictment is defective because it fails

to aver that the horses were domestic animals.  This is imma-
terial, as no person of the least intelligence could fail, from the
indictment, to know that the charge was made under the 203d
section of the Criminal Code.  All know that we have none
but domestic horses, and injuring them in the manner pro-
hibited by the statute constitutes the offense.  Plaintiff in
error could not but have understood the charge he was called
upon to defend.  In this respect this indictment is sufficient,
as it fully conforms to the 108th section of the Criminal Code.

It is also urged, that the proviso in the 203d section was not
negatived in the indictment.  To have done so in this indict-
ment would have been entirely foreign to the case.  To have
averred that the horses were not so wounded, maimed and dis-
figured by the defendant's putting out poison to destroy sheep-
killing dogs, would have been foreign to the case.  It is be-
yond our comprehension to understand why so unnecessary an
averment should have been made.  It could answer, in this
case, no possible purpose, as it would have been useless and
wholly without reason, and the law can never require such ab-
surdities.  Had this been an indictment for killing, wounding
or maiming dogs, then, we presume, it would have been neces-
sary to have negatived the proviso of the section, but it has no
application to horses.

It is urged that there is nowhere in the record a convening
order for the April term, 1876, at which it is claimed plaintiff
in error was convicted.  We have examined the record filed
in this case, and fail to find any such order.  The transcript
states, that at the April term, 1876, of the court, certain pro-
ceedings were had, amongst which was the trial and conviction
of plaintiff in error.  Such an order should appear, as was held
in the case of *Planing Mill Co.* v. *The City of Chicago*, 56
Ill. 304.  The clerk, it is true, says in the transcript, that there
was an April term, but the statement is only his conclusion.
The record of the court should have shown how the court was
organized, and he should have copied the convening order into
the transcript, that it might appear whether there was a court
regularly organized.  The objection is raised, and we, from an

inspection of the transcript, are unable to say whether there was a legally organized court in session. If there was such a *placita* in the records of the case, it is singular that the State's attorney did not procure a copy of the order, and file it with the transcript in this court, and thus have obviated the objection.

The judgment of the court below, on the record before us, must be reversed and the cause remanded.

*Judgment reversed.*