CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO.

*v.*

CHARLES H. BADDELEY, Admr.

*Filed at Springfield April 2, 1894.*

1. NEGLIGENCE—*causing death—evidence supporting a recovery.* In an action by an administrator against a railroad company to recover damages from alleged negligence resulting in the death of plaintiff's intestate, it must appear, from the evidence, that the defendant was guilty of negligence as charged in the declaration, and that the deceased was in the exercise of ordinary care at the time, to entitle the plaintiff to recover.

2. SAME—*contributory negligence—question of fact.* Whether the attempt of the plaintiff's intestate to cross a railroad track at a street intersection while an engine was approaching was negligent, depends upon the circumstances shown by the evidence, such as, the apparent distance from her of the approaching engine, the speed at which it seemed to be running, and her right to rely upon the probability that its speed would not exceed that allowed by ordinance. These are all facts, or matters of law and fact combined, and the question whether she was guilty of contributory negligence is, therefore, a question for the jury.

3. SAME—*comparative—ordinary care of person injured.* If, since the more recent decisions of this court, the doctrine of comparative negligence can be said to have any further place in our system of jurisprudence, it is very clear that no plaintiff can recover upon the ground of mere negligence, who was not himself, at the time of the injury complained of, in the exercise of ordinary care.

4. SAME—*causing death—action by surviving husband—measure of damages.* In an action by an administrator against a railway company to recover compensation for the death of his intestate, the court instructed the jury, that if they found for the plaintiff they should assess his damages at what they believe, from the evidence, to be a proper pecuniary compensation for damages to her surviving husband and next of kin, etc. The statute gives the action in favor of the husband as well as the wife.

5. INSTRUCTIONS—*assuming defendant's negligence—error cured by other instructions.* On the trial of an action against a railway company for causing the death of the plaintiff's intestate, the court instructed the jury, at the plaintiff's request, that if they believed, from the evidence, that the deceased was exercising ordinary care for her own safety, "and came to her death by reason of the negligent act of the

defendant as charged in the plaintiff's declaration," then the jury should find the defendant guilty: *Held*, that the instruction, if construed strictly, and without reference to other instructions given, was obnoxious to the objection that it assumed the fact that the defendant was negligent as charged, and submitted to the jury the mere question whether the deceased came to her death by means thereof. But such defect was cured by other instructions.

6. PRACTICE—*directing what the verdict shall be.* Where there is evidence tending to show a plaintiff's right to recover, or to justify, as well as require, a submission of the case to the jury, a request of the defendant that the jury be peremptorily instructed to find a verdict for the defendant should be refused.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Mc-Lean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. G. W. GERE, and Mr. JOHN T. DYE, for the appellant:

Plaintiff's intestate, in making the unsuccessful attempt to cross in front of the locomotive engine, which she saw and knew was coming, when she could have remained at the side of the track with perfect safety, was guilty of such contributory negligence that a recovery against appellant can not be sustained. *Railroad Co.* v. *Jones*, 76 Ill. 311; *Railroad Co.* v. *Manley*, 58 id. 300; *Railway Co.* v. *Riley*, 47 id. 514; *Railroad Co.* v. *Jacobs*, 63 id. 178; *Abend* v. *Railway Co.* 111 id. 202; *Railroad Co.* v. *Gretzner*, 46 id. 75; *Scofield* v. *Railroad Co.* 114 U. S. 615; *Railroad Co.* v. *Houston*, 95 id. 697; *Railroad Co.* v. *Aiken*, 41 Am. & Eng. Ry. Cases, 572; *Keeley* v. *Railroad Co.* 13 id. 638; *State* v. *Railroad Co.* 19 id. 314; *Railroad Co.* v. *Sunderland*, 2 Ill. App. 307.

Under the laws of this State the husband is not a beneficiary in this class of cases, he not being next of kin of his wife. 1 Starr & Curtis, p. 1290, sec. 2; *Dickens* v. *Railroad Co.* 23 N. Y. 158; *Drake* v. *Gilmore*, 52 id. 389; *Townsend* v. *Radcliffe*, 44 Ill. 446; *Gauch* v. *Insurance Co.* 88 id. 251; *Haraden* v. *Larrabee*, 113 Mass. 431; *Railroad Co.* v. *Minn*, 42 Ga. 331; *Lovett* v. *Railroad Co.* 55 id. 143.

The first instruction given for the plaintiff is erroneous in this, that it assumes the defendant was guilty of negligence. *Railroad Co.* v. *Zang,* 10 Bradw. 597.

The second instruction given for the plaintiff below is erroneous in this, that it fails to state that appellee's intestate, in order to entitle the plaintiff below to recover, should have exercised due and ordinary care, but left the jury to determine the case upon the simple comparison of the negligence of the plaintiff's intestate and the railway company, without regard to the fact that appellee would not be entitled to recover if his intestate had been guilty of such negligence as materially contributed to the injury. *Railroad Co.* v. *Cline,* 135 Ill. 48.

The third instruction given for the plaintiff is erroneous in this, that it singles out one particular fact in the case and calls the jury's special attention to it. *Hoge* v. *People,* 117 Ill. 36.

The court erred in giving the fourth instruction for plaintiff below in this, that by that instruction the damages were based upon the pecuniary compensation to the surviving husband as well as next of kin, and because the measure of damages in this class of cases is stated inaccurately. *Chicago* v. *Scholten,* 75 Ill. 470; *Holton* v. *Daly,* 106 id. 131; *Rolling Mill Co.* v. *Morrissey,* 111 id. 650; *Railroad Co.* v. *Sykes,* 96 id. 173.

Messrs. KERRICK, LUCAS & SPENCER, for the appellee:

As a general proposition, a person about to cross a railroad track should stop and look and listen, to see if there is danger in crossing. It is true as a question of fact, yet it can not be so declared as a rule of law. *Pennsylvania Co.* v. *Frana,* 112 Ill. 405; *Bridge Co.* v. *Miller,* 138 id. 475; *Railroad Co.* v. *Adler,* 129 id. 340; *Railroad Co.* v. *Hutchinson,* 120 id. 596.

The second point in appellant's brief is, that under the laws of Illinois the husband is not a beneficiary in this class of cases. This court held differently in *Chicago* v. *Major,* 18 Ill. 349.

Appellee's testimony tended to show that the locomotive was running from twenty-five to one hundred miles per hour.

No testimony was offered in behalf of appellant. Then we have the further circumstance, which is undisputed, that after the locomotive struck Mrs. Humphrey it went more than a quarter of a mile—nearly a third of a mile—before it could be stopped. So we say, there is no possible room for question but what defendant below was guilty of negligence, and the running of its train at such a high rate of speed over that permitted by the ordinance, was, of itself, gross negligence. *Railroad Co.* v. *Gregory*, 58 Ill. 226; *Railroad Co.* v. *Becker*, 84 id. 483; *Railroad Co.* v. *Deacon*, 63 id. 91; *Railroad Co.* v. *Henks*, 91 id. 412; *Railroad Co.* v. *Engle*, 84 id. 397; *Karle* v. *Railroad Co.* 55 Mo. 476.

Mr. Justice Bailey delivered the opinion of the Court:

This was an action on the case, brought by Charles H. Baddeley, administrator of the estate of Emily Humphrey, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to recover damages for the death of the plaintiff's intestate, caused, as alleged, by the negligence of the defendant. The deceased was struck and killed by one of the defendant's locomotive engines, August 27, 1892, at a crossing of the defendant's railway over a public street of the city of Leroy, McLean county. The negligence charged in the declaration consists of recklessly, wantonly, carelessly and improperly driving and managing the engine, and also in running it at a rate of speed greatly exceeding that permitted by an ordinance of the city. The defendant pleaded not guilty, and at the trial the jury found the defendant guilty, and assessed the plaintiff's damages at $4000. From that sum the plaintiff remitted $1500, and judgment was thereupon rendered in favor of the plaintiff for $2500 and costs. That judgment has been affirmed by the Appellate Court on appeal, and the present appeal is from the judgment of affirmance.

At the trial the defendant offered no evidence, but rested its case upon that introduced on the part of the plaintiff, and

it then insisted, as it insisted in the Appellate Court and now insists, that the evidence is insufficient to sustain a recovery.

It appears that the city of Leroy is a municipal corporation organized under the general law, having a population of about 1600, and that among its ordinances in force at the time the deceased was killed, was one which prohibited the running of any engine upon any railroad within the limits of the city, at a greater rate of speed than fifteen miles an hour for passenger trains, and six miles an hour for freight trains. The defendant's line of railway passes through the city from the south-east to the north-west, and at the intersection of Center street, which runs east and west, with Buck street, a street running north and south, the railway crosses both streets at grade, there being a plank sidewalk on Center street at the place where it crosses the railway. On the day above mentioned, at between six and seven o'clock in the evening, the deceeased and her sister, Mrs. Richards, were walking along the sidewalk on Center street, going west, and as they came near the track, they observed what they supposed to be a train approaching from the north-west. Mrs. Richards asked the deceased whether there would be time to cross, to which the latter replied: "Yes, plenty; it is way beyond the depot." They were then on the side-track, which was but a few feet from the main-track. Mrs. Richards testifies that they quickened their speed somewhat, and passed on to the main-track, and just as the witness stepped over the west rail of that track, she looked around and saw that the engine was near them and coming very rapidly. She escaped, but the deceased, who was on her left, was caught and carried along by the side of the engine for some distance, and died of the injuries thereby received in a very few minutes.

The engine at the time was drawing no train, but had just left a construction train on the defendant's road two or three miles north-west of Leroy, and was on its way to Urbana, where the engine and men were to remain over Sunday. The

evidence tends to show that, at the time the deceased was killed, it was running at a very high rate of speed, its speed, as estimated by some of the witnesses, being as high as fifty miles an hour.

Of course, to warrant a judgment in favor of the plaintiff, it must appear from the evidence that the defendant was guilty of negligence as charged in the declaration, and that the deceased was in the exercise of ordinary care. That the evidence tends to convict the defendant's servants in charge of the engine of negligence as alleged is, we think, too plain for argument. Not only was the engine being run at a rate of speed prohibited by the ordinance, but at a rate which, under all the circumstances, the jury might fairly pronounce negligent, even without reference to the ordinance. As to the care exercised by the deceased, all that need be said is, that no conduct on her part is shown which can be held to be negligent *per se.* Whether her attempt to cross the track at the time she did was negligent must depend upon the circumstances shown by the evidence, such as the apparent distance from her of the approaching engine, the speed at which it seemed to be running, and her right to rely upon the probability that its speed would not exceed that permitted by the municipal ordinance. These were all facts, or matters of law and fact combined, and the question whether she was guilty of contributory negligence was therefore a question for the jury. All controverted facts having been conclusively settled by the judgment of the Appellate Court adversely to the defendant, the verdict of the jury as to the contributory negligence of the deceased is not open for review in this court.

Nothing remains for consideration here except such questions as are raised by the assignments of error which call in question the rulings of the trial court in its instructions to the jury. It sufficiently appears from what has been said, that the court properly refused the defendant's request that the jury be peremptorily instructed to find a verdict in its favor.

There was certainly evidence sufficient to justify as well as require a submission of the case to the jury, and that being the case, an instruction to find a verdict for the defendant would have been erroneous.

Complaint is made of the first instruction given at the instance of the plaintiff, which told the jury that if they believed from the evidence that Emily Humphrey was exercising ordinary care for her own safety, "and came to her death by reason of the negligent act of the defendant, as charged in the plaintiff's declaration," then the jury should find the defendant guilty. The objection urged to this instruction is, that it assumes as a fact that the defendant was negligent, as charged in the declaration, and submitted to the jury the mere question whether the deceased came to her death by reason thereof. It can not be denied that the instruction is somewhat loosely drawn, and if construed strictly, and without reference to the other instructions given, it is undoubtedly obnoxious to the criticism thus made. But as several other instructions were given in which the question of the defendant's negligence was directly and clearly submitted to the jury to be determined by them from the evidence as a question of fact, we can not think that the jury could have been misled into supposing that the court intended to assume that the defendant was negligent, or to instruct them as to their verdict on that basis. The error, if it was one, was corrected by the other instructions, and could not have prejudiced the defendant.

The plaintiff's second instruction attempts to state the doctrine of comparative negligence as heretofore recognized by this court, but omits the hypothesis that the deceased, at the time she was killed, was in the exercise of ordinary care. If since the more recent decisions of this court, the doctrine of comparative negligence can be said to have any further place in our system of jurisprudence, it is very clear that no plaintiff can recover upon the ground of mere negligence who was not himself, at the time of the injury complained of, in the exer-

cise of ordinary care. The instruction then, in any point of view, was erroneous. But as several instructions were given at the instance of the defendant in which the rule was clearly and repeatedly laid down that, unless it was shown that the deceased, at the time of her death, was in the exercise of ordinary care, no recovery could be had, we can not think that the jury could have supposed that in the absence of such care on her part, the plaintiff would be entitled to a verdict, or that the omission of the hypothesis from the plaintiff's second instruction could have resulted in any injury to the defendant.

The fourth instruction given at the instance of the plaintiff was as follows:

"If the jury find the issues for the plaintiff, then they should assess the plaintiff's damage at what the jury believe, from the evidence, to be a proper pecuniary compensation for damages to her surviving husband and next of kin, occasioned by her death, not exceeding five thousand dollars."

The objection urged to this instruction is, that in laying down the measure of damages, the pecuniary injuries resulting to the surviving *husband* from the death of his wife are included, it being contended that the statute by which the right of action in cases of this character is given, limits the recovery to the pecuniary injuries resulting to the *wife* and next of kin from the death of the deceased. While perhaps a strict and literal construction of the statute might give some support to this contention, we are disposed to adhere to the views expressed in *City of Chicago* v. *Major*, 18 Ill. 349. There a broader and more liberal construction was adopted, and one which gives to a husband a remedy for the death of his wife. We are referred to cases decided in other States where a more restricted construction has been given to similar statutes, but we are better satisfied with the construction of our statute adopted in *City of Chicago* v. *Major*, and under that construction the trial court was justified in giving the instruction under consideration.

Some other points are made which we do not deem it necessary to notice further than to say that they have been duly considered, and are found to be destitute of merit. After duly considering the arguments of counsel, we are of the opinion that the record contains no error for which the judgment should be reversed. It will accordingly be affirmed.

*Judgment affirmed.*