### City of Chicago v. Thomas P. Brennan et al.

1. Evidence—*Damage to Adjacent Lots Inadmissible.*—Upon the trial of an action in case for damages alleged to have been occasioned to the plaintiff's property by the construction of a viaduct, it is error to admit evidence of damage to lots lying adjacent to the lots in question.

2. Instructions—*Do Not Cure the Effect of Improper Evidence.*—The admission of improper evidence in this case is not cured by instructions given with a view of counteracting its effect.

3. Placita—*Necessary to Sustain the Judgment.*—Where the record contains nothing to show that there was a proper organization of a court by which a lawful judgment could be rendered, the judgment will be reversed.

**Trespass on the Case,** for damages caused by the erection of a viaduct. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

William G. Beale, corporation counsel, Frank Hamlin and Byron Boyden, attorneys for appellant.

RICH & STONE, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $3,000, recovered by appellees in an action in case for damages, alleged to have been occasioned to appellees' property by the construction of the Ogden avenue bridge, viaduct and approach, by the appellant, the city of Chicago.

The three lots in question were unimproved and fronted upon Ogden avenue. The viaduct was constructed 150 feet in width in front of the lots, the full width of the street from building line to building line; and the gist of the action was the cutting off of access to the lots by way of Ogden avenue. It was admitted that the elevation of the viaduct in front of the lots was five feet six inches at the lowest point, and nine feet six inches at the highest. The wall was of stone.

On the trial one Bowes, a witness for appellees, was permitted, over the objection of appellant, to testify concerning two lots lying immediately adjacent to the lots in question, as follows:

"Q. Now, the question Mr. Bowes, is this: What did you learn about the property (I am speaking now of these two lots), from those that you attempted to sell the property to in 1892, or whatever the year was after the viaduct was constructed?

"(Counsel for the appellant objects on the ground that the evidence is not about the property in question, and on the ground that it is an attempt to show transactions and conversations between third parties, not parties to this suit, and is incompetent, immaterial and irrelevant; objection overruled; exception by counsel for defendant.)

"A. Some of them came back to my office and others didn't. I don't know whether they were angry because I sent them or not, but those that came back, some of them, wanted to know what I sent them to look at such a piece of property as that for, right on the viaduct. Others said they wouldn't buy that property on account of its being by the

viaduct, but if the viaduct was not there they would purchase it.

" Q. Then, in your experience, you found that the viaduct interfered with selling that property ?

" A. I would have purchased it myself if the viaduct had not been there."

No argument and no citation of authorities will be made in support of the plain proposition that the admission of that evidence was error; and that it was prejudicial error must be apparent.

It is argued that the error was removed by the following instruction to the jury when the cause was submitted to them :

" 3. The court instructs the jury that the statements made by persons to the witnesses that have testified in this case, as to the reasons why said persons didn't purchase any portion of the property in the vicinity of the Ogden avenue viaduct, should be disregarded."

It was impossible to do away with the effect of the evidence by an instruction of that kind, at that late stage of the trial, and we will not sanction so plain a violation of the rudimentary rules of evidence by so holding.

There is still another reason why the judgment must be reversed. The record contains no *placita*. Rich v. City of Chicago, 59 Ill. 286; Planing Mill Company v. City of Chicago, 56 Ill. 304.

As said in the last cited case :

" The reason why the judgment is not valid, is because it does not appear that there was the proper organization of a court by which a lawful judgment could be rendered."

The defect is not aided by anything that may be in the bill of exceptions, nor by any statement by the clerk of the court. Planing Mill Co. v. City of Chicago, *supra;* Swartzbaugh v. The People, 85 Ill. 457.

It is always matter of regret that judgments must be reversed for errors that reasonable care would have so easily obviated. Reversed and remanded.