## Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company v. Patrick H. O'Donnell, Administrator, etc.

### Gen. No. 11,519.

1. CONTRIBUTORY NEGLIGENCE — *how question of, determined.* The question of contributory negligence is one for the determination of the jury unless it can be said from the evidence that the conduct of the party injured or killed was clearly and palpably negligent and that reasonable minds would so pronounce it without hesitation or dissent.

2. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* A person killed by a railroad train is not guilty of contributory negligence, as a matter of law, where such person was, at the time of meeting death, standing not upon, but close to, the track of the train, and the evidence was consistent with the theory that such person, at the time, was looking out for possible danger, met death by reason of the excessive and unlawful speed of the train, and the surprise and bewilderment created by the approaching peril.

3. MEASURE OF DAMAGES — *when instruction as to, will not reverse.* In an action on the case for death caused by alleged wrongful act, an instruction which authorizes the jury to allow "proper pecuniary compensation for damages to her surviving husband and next of kin occasioned by her death," will not reverse where the jury had, at the instance of the complaining party, been fully and fairly instructed as to the measure of damages, and where there was no evidence of any damage except to the husband of the deceased and the verdict was not excessive.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the HON. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

**Statement by the Court.** This is an action to recover damages for the death of one Mary Lundgren, claimed to have been caused by the negligence of appellant at a railroad crossing.

The deceased was walking north in Union Avenue, Chicago across the tracks of appellant upon a foggy morning in March. These tracks run in a northwesterly and southeasterly direction forming an angle, it is said, of about fifteen or twenty degrees with Union Avenue, which runs

north and south. The view in both directions is said to have been unobstructed. There were no gates or flagmen at the crossing and never had been. The deceased was fifty-five years of age and at the time of the accident was living within about a block of the crossing. The engineer of appellant's approaching train saw the deceased when within two or three hundred feet of her. She was looking south. He had blown the whistle, it is said, about two blocks north of Union Avenue and seeing deceased in a position near the track upon which his train was approaching from the north he sounded the danger signals, two long and two short blasts of the whistle. There is evidence tending to show that she was struck within four or five seconds thereafter. There is conflict of evidence as to the speed of the train. The engineer states that when he first saw her, the deceased was standing about a couple of paces from the track, and that when he saw her take a step bringing her near the ends of the ties he began to give the danger signals, and when he saw that she did not look around he applied the emergency brakes, and stopped the train as soon as possible.

The declaration charges negligence in not providing gates, flagman or watchman at the crossing, and operating the train in violation of ordinances of the city which limit the speed of passenger trains at places where no such safeguards have been provided so as not to exceed ten miles an hour.

The jury returned a verdict for the full statutory amount, upon which the judgment appealed from was entered.

GEORGE WILLARD, for appellant.

J. E. NORTHRUP, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged by appellant's attorney that the deceased was not, at the time of the injury, exercising ordinary care, that the verdict is against the evidence and the instructions

of the court, that there was error in the instructions given in behalf of appellee and that the damages are excessive. There is conflict in the evidence as to the speed of appellant's train.

The question of contributory negligence was one of fact for the jury. It cannot be said from the evidence in this case that the conduct of the deceased was clearly and palpably negligent and that reasonable minds would so pronounce it without hesitation or dissent. See Suburban R. R. Co. v. Balkwill, 94 Ill. App. 454–458, and cases there cited; L. St. El. R. R. Co. v. Gormley, 108 Ill. App. 59–61–2. She was approaching the railway crossing on a public highway. For what purpose she was looking southward, a direction opposite to that from which the train was approaching, whether in an effort to ascertain if one was coming from that direction, as appellee's attorney argues, or for some other reason, cannot be determined with absolute certainty. She was not on the track, but standing close beside it when struck. The evidence is apparently consistent with the view that she was looking out for possible danger. If such was the fact, and by reason of excessive and unlawful speed of appellant's train she was taken by surprise and run down while bewildered by imminent danger, suddenly and rapidly rushing upon her, from the north—a conclusion warranted by the evidence—the jury were justified in finding upon the question of fact that the accident occurred by reason of appellant's negligence, and not that of the deceased. L. S. & M. S. Ry. Co. v. Ouska, 151 Ill. 232–237; C., C., C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328–333. There is no conflict between the finding and the instructions. The question as to care and caution of the deceased was one of fact, which the jury decided adversely to appellant's contention, as was within their province.

It is urged that the court erred in giving an instruction that if the jury should find the issues for the plaintiff, damages should be assessed with reference to "proper pecuniary compensation for damages to her surviving husband and

next of kin." The contention is that as the declaration does not aver, nor the evidence tend to prove that there were "next of kin," the action having been brought for the benefit of the surviving husband and there being no children, it was material error to instruct that compensation could be awarded for damages to the "surviving husband and next of kin." In C., C., C. & St. L. Ry. Co. v. Baddeley *supra* (p. 333) it was held, following City of Chicago v. Major, 18 Ill. 349, that the statute of this state may be liberally construed so as to give to the surviving husband and next of kin a remedy for the death of the wife as well as to the surviving wife and next of kin for the death of the husband. In the opinion in that case it appears that the deceased wife left also a sister surviving as well as the husband, and it is contended by appellant that the instruction complained of while proper in that case under the facts, is improper here where there is no evidence of any "next of kin," but only the husband surviving. Appellee, however, contends that the words "next of kin" in the instruction are merely descriptive in this case of the husband, that as the word "husband" is not mentioned in the statute, the instruction without the words "next of kin" might be deemed objectionable, and that in any event the use of the words was not harmful. We are inclined to concur in the last mentioned view. The purposes of the statute under which the action is brought are "first, to determine by whom or in whose name the action should be brought; and second, to declare for whose benefit the action should be brought or how the money recovered should be disposed of or distributed." City v. Major, 18 Ill. 349–357–8. In that case it is held that the sole object of the provision for the second purpose above mentioned, was "to provide for the disposition of the judgment to be recovered," and that "the legislature intended that the fruits of the judgment should be distributed among those to whom " the personal estate would descend, in the absence of a will, and that it was the intention to divide it "between the widow and the next of kin, according to our statute of descents;" and in case of

the loss of the wife the husband is by the statute as inter-
preted given the same remedy as the wife.    The alleged
error did not in any way relate to the question of liability
but only to the damages.    As to this the jury were fully
and clearly instructed at the instance of appellant; and the
instruction complained of limits the finding to what the
jury "believe from the evidence to be proper pecuniary com-
pensation for damages to her surviving husband and next
of kin occasioned by her death."    There being no evidence
of any damage except to the husband the jury could scarcely
have been misled, especially in view of the explicit direc-
tions on that subject of the other instructions above re-
ferred to.

The deceased was keeping boarders, doing laundry work,
sewing and nursing, and was a woman in vigorous health.
Upon consideration of the evidence we are compelled to
conclude that we should not be justified in holding that the
damages are excessive.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*