## James E. Gordon, Administrator De Bonis Non of the Estate of Joseph Kosecki, Deceased, Appellee, v. Grand Trunk Western Railway Company, Appellant.

### Gen. No. 22,944.

1. RAILROADS, § 498a*—*who are invitees on tracks of railroad.* Where a railroad company knew that the employees of its lessee of a grain elevator located on its property and adjacent to its railroad tracks were obliged to and did enter upon and across its tracks and frequently had to pass between freight cars in doing so, such employees were invitees of the railroad company, which owed them the duty to exercise ordinary care for their safety while they were so upon or across the tracks of the company.

2. DEATH, § 50b*—*when proof of due care at and just prior to injury is not essential.* Proof that plaintiff's decedent was in the exercise of due care at and just prior to the time of his injury, *held* not indispensable, in an action to recover damages for his death, where there were circumstances in evidence from which the jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

might reasonably infer that he was in the exercise of ordinary care at and just prior to such time.

3. DEATH, § 50b*—*when evidence shows due care of decedent crushed while crossing tracks between freight cars.* Evidence of a witness that he and decedent after lunch together proceeded to their respective duties, that decedent started across a certain railroad track between two freight cars, that a moment later witness heard the crash of freight cars violently brought together and a sharp cry from decedent, who witness then discovered had been caught between the cars and severely injured, that witness was only three or four steps from decedent when it happened, that he heard no bell or whistle or other warning that the cars were to be moved prior to the accident, and that it was customary for the railroad employees to give warning at such times, *held* sufficient to warrant the inference that decedent was in the exercise of due care for his own safety at and just prior to the time of the injury.

4. RAILROADS, § 569*—*what does not constitute variance between declaration and proof.* Evidence of defendant's failure to give warning that it was about to move its railroad cars was admissible under an allegation charging the defendant with negligent operation of its road, notwithstanding another allegation charging another defendant, dismissed from the case, with negligence in failing to warn, in an action to recover damages for death of an employee of the lessee of a railroad grain elevator while crossing the tracks.

5. RAILROADS—*when omission in instruction of question whether decedent killed by cars was an invitee is not error.* An instruction properly omitted the question whether plaintiff's decedent killed by defendant's railroad cars was an invitee of defendant at the time he entered upon defendant's tracks, where the question was uncontroverted and the undisputed evidence showed he was such invitee.

6. DEATH, § 36*—*when term next of kin used in declaration deemed to mean surviving spouse.* Where the evidence showed a decedent left no next of kin within the literal meaning of that expression, *held* that the term used in the declaration was merely descriptive of his surviving spouse, in an action to recover damages for his death.

7. REMOVAL OF CAUSES, § 5*—*when motion to remove cause to federal court is properly denied.* A motion to remove to the federal court an action brought in the State court against a resident and a nonresident corporation charged with liability for the death of plaintiff's decedent who was an employee of the resident corporation, made upon dismissal of the case as to the latter corporation at the close of plaintiff's case upon its special plea, opposed by plaintiff, that plaintiff's remedy against it was by arbitration

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

under the Workmen's Compensation Act, *held* properly denied, where plaintiff's contention, opposing the special plea, was bona fide and there was no proof of the allegation in the resident corporation's petition in support of the motion of plaintiff's fraud in joining such corporation as a party defendant.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917. Rehearing denied January 2, 1918. *Certiorari* denied by Supreme Court (making opinion final).

KRETZINGER & KRETZINGER and L. L. SMITH, for appellant.

ELMER & COHEN, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

This action was brought by James E. Gordon, in his representative capacity, against the Grand Trunk Western Railway Company and the Hooper Grain Company, for wrongfully causing the death of Joseph Kosecki, who was employed by the latter company in and about a grain elevator located in the City of Chicago. At the close of all the evidence, the court, upon motion, directed a verdict in favor of the Hooper Grain Company. Thereupon appellant filed a petition to remove the cause to the federal court, which the court denied. Upon the evidence submitted on behalf of the appellee, the cause was submitted to the jury, who found the issues against the appellant, assessing appellee's damages in the sum of $5,000, upon which the judgment herein complained of was entered.

The elevator where the deceased was employed was owned by appellant, who leased it to the Hooper Grain Company. It was located on appellant's premises, adjacent to its tracks, one of which entered a shed adjoining the elevator, where freight cars were placed for loading and unloading. To reach the elevator in question, it was necessary to cross appellant's tracks,

which the evidence showed were frequently occupied by freight cars, about which the deceased was obliged to be in the performance of his duties. It was the custom of the railroad employees, before moving any cars on the track where deceased was killed, to give notice thereof. On the day of the accident, appellant was about to remove certain cars that were on the track leading into the unloading shed. This was done, however, without giving the customary warning, and while the deceased was passing between two of these cars they were suddenly and violently brought together, causing the injury and death complained of.

The first point made by appellant is, that the deceased was a trespasser or a mere licensee while on its tracks, and that therefore it owed him no duty except to refrain from wilfully and wantonly injuring him. The undisputed evidence shows that deceased was an employee of the Hooper Grain Company, who had leased the grain elevator from the appellant; that appellant knew that in the course of their duties the employees of the grain company were obliged to and did enter upon and cross its tracks, and that they frequently had to pass between freight cars in doing so. Under these circumstances, the deceased was upon appellant's track for a purpose connected with the business which appellant permitted to be conducted on its premises, and he was, therefore, an invitee of the appellant, who consequently owed him the duty to exercise ordinary care for his safety while there. *Purtell v. Philadelphia & Reading Coal & Iron Co.*, 256 Ill. 110.

Appellant next contends that there is a total lack of evidence of due care on the part of the deceased at and just prior to the time of the injury. While no one saw the deceased at the precise moment he was struck, and there was no testimony as to his previous habits of care, such proof was not indispensable, provided there were circumstances in evidence from which the jury might reasonably have inferred that he was

in the exercise of ordinary care at and just prior to the time of the injury (*Schaffner v. C. F. Massey Co.,* 270 Ill. 207). One witness testified that he and the deceased ate lunch together at the elevator on the day of the accident, after which they proceeded to resume their respective duties; that in leaving the elevator, the deceased started across the aforesaid unloading track between two freight cars, and that a moment later the witness heard the crash of freight cars violently brought together, and a sharp cry from the deceased, who he then discovered had been caught between the cars and severely injured; that he was only three or four steps from the deceased when it happened. The witness testified further, that he heard no bell or whistle sounded nor any other warning given that cars were to be moved, prior to the accident, and that it was customary for the railroad employees to give warning at such times. In our opinion there was sufficient evidence to warrant the inference that the deceased was in the exercise of due care for his own safety at and just prior to the time of the injury.

The next point made by appellant is, that there was a variance between the allegations of negligence in the declaration and the proof submitted. The declaration charged the Hooper Grain Company with negligence in failing to warn the deceased that appellant was about to move the cars, while appellant is charged with the negligent operation of its road. It is insisted that inasmuch as the declaration charged the Hooper Grain Company with negligence in failing to warn the deceased, evidence of appellant's failure to do so was inadmissible under the general charge of negligent operation of its road. The Hooper Grain Company having been dismissed out of the case by direction of the court, the question presented for determination on this point is, whether or not under the charge of negligent operation of the road against appellant, proof of its failure to so warn was admissible. This question arose in *Illinois Cent. R. Co. v. Aland,* 192 Ill. 37. In

that case the declaration averred that the defendant had negligently and carelessly propelled its engine, etc., and it was there held that the failure to give warning of the moving or approaching of an engine was a circumstance or fact tending to prove that the engine and train were carelessly and negligently propelled and also had a bearing upon the question of due care on the part of the plaintiff.

Complaint is also made of the giving of instruction No. 1 on behalf of the appellee. The vice pointed out in this instruction is that it omits the question whether or not the deceased was an invitee at the time he entered upon appellant's track. The undisputed evidence discloses that the deceased, at the time and place in question, was an invitee of the appellant, and since this was not a controverted question of fact, the instruction properly omitted this element from the consideration of the jury.

The declaration alleged that the deceased left him surviving a widow and next of kin, and that by reason of his death his next of kin have been deprived of his support, etc. The argument is made that, because of this latter averment, proof that the deceased had given his wages to his widow was inadmissible as his widow is not his next of kin. In our opinion, this contention is not well founded. As the evidence shows that the deceased left no next of kin within the literal meaning of that expression, the term next of kin, as used in the declaration, was merely descriptive of the surviving spouse. *Pittsburgh, C., C. & St. L. Ry. Co. v. O'Donnell*, 118 Ill. App. 335.

Finally it is urged that the court erred in denying appellant's motion to remove the cause to the federal court. The declaration charged the Hooper Grain Company, a resident corporation, and the appellant, a nonresident corporation, with liability for the death of the deceased. At the close of appellee's case, the court directed the jury to find the Hooper Grain Company not guilty, it appearing that appellee's remedy

against it was by arbitration under the Illinois Workmen's Compensation Act. Thereupon appellant filed its petition for the removal of the cause to the federal court, alleging fraud on the part of appellee in joining the said grain company with appellant as a party defendant, and also alleging that the cause, upon the elimination of the said grain company then for the first time became removable. The record shows that the said Hooper Grain Company pleaded the general issue, also a special defense that both it and the deceased came under the said Workmen's Compensation Act. The issue raised by this special plea was brought to the attention of the appellant a long time before the appellant filed its plea of general issue. Because of the nature of the employment of the deceased, it was an unsettled question whether or not he came within the provisions of the said Workmen's Compensation Act, which the court at the close of appellee's case decided in the affirmative, and accordingly directed a verdict in favor of the said grain company. This ruling was made upon motion of the said grain company, and was apparently adverse to the bona fide contention of appellee. And while appellant's petition alleged fraud on the part of appellee in joining the said grain company as a party defendant, no proof of such alleged fraud was made by it. On this state of the record, the trial court properly denied appellant's said petition. *Kansas City Suburban Belt Ry. Co. v. Herman,* 187 U. S. 63; *Whitcomb v. Smithson,* 175 U. S. 635.

There being no error in the record which justifies a reversal, the judgment will be affirmed.

*Affirmed.*