**Otto Paul, Administrator of the Estate of Dorothy Polokowski, Deceased, Defendant in Error, v. Max S. Weber, Plaintiff in Error.**

**Gen. No. 26,719.**

1. DEATH—*what declaration in action for wrongful death must allege.* In an action for damages for causing the death of a person by wrongful act, neglect or default, the declaration must allege that the deceased left surviving a widow, or husband or next of kin.

2. DEATH—*who has remedy for wrongful death.* Under the statute giving an action for wrongfully causing the death of a person, a remedy is given to the husband as well as to the wife.

3. DEATH—*when allegation in action for wrongful death is not open to objection.* In an action for wrongful death, an allegation that deceased left "surviving Christ Polokowski, her husband, and next of kin, who is still living" may be construed to mean that the husband was the only person entitled under the statute to recover pecuniary damages, the words "and next of kin" being treated as referring to the husband or as surplusage, and is not subject to the objection that it fails to allege the names and relationship of the next of kin.

4. DEATH—*what allegation not required in action for wrongful death of wife.* In an action in behalf of a husband for the death of his wife, the law presumes pecuniary loss from the fact of death and it was not incumbent upon plaintiff to allege what specific sums of money the deceased during her lifetime had contributed to the support of the husband or that he was dependent upon her for support.

5. APPEAL AND ERROR—*when question of damages awarded for wrongful death is not before Appellate Court.* Defendant in an action for wrongful death, by suffering default, admits the truth of such allegations in the declaration as are well pleaded and, on the assessment of damages, it must be presumed that the trial court performed its duty and heard evidence touching the pecuniary loss and that the finding as to such loss was based upon competent evidence, and, no point having been made that the damages assessed are excessive, and there being no bill of exceptions, the question is not before the court.

6. APPEAL AND ERROR—*when jurisdiction shown by common-law record.* In an action for wrongful death, where judgment was taken by defendant, the common-law record was held to show jurisdiction on the part of the court to enter the default order and the judgment order and to show affirmatively that when such orders were entered there was a duly constituted court, duly convened.

7. EVIDENCE—*judicial notice that Chicago is in Illinois.* The court on appeal will take judicial notice that the City of Chicago is within the State of Illinois.

8. DEATH—*when declaration in action for wrongful death is sufficient as to venue.* Where the caption of a declaration in an action for wrongful death contained the words "State of Illinois, County of Cook" and the allegation as to the place of death "in the County and State aforesaid," the venue was sufficiently laid.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921. Rehearing denied January 10, 1922. *Certiorari* denied by Supreme Court (making opinion final).

Thomas H. Mercer and Charles S. Deneen, for plaintiff in error.

John G. Riordan, for defendant in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

By this writ of error it is sought to reverse a judgment of the superior court of Cook county for $3,500, rendered October 29, 1920, against the defendant Max S. Weber. The points relied upon for a reversal are based solely upon the common-law record. No bill of exceptions is contained in the transcript.

It appears that the action, which is in *case*, was commenced on June 10, 1920; that the defendant was duly served on June 12, 1920, by summons returnable on the first day of the August term, 1920, of said court, viz., Monday, August 2; that on July 14, 1920, plaintiff filed his declaration, consisting of seven counts, based on the "Act requiring compensation for causing death by wrongful act, neglect or default" (Hurd's Rev. St. ch. 70, secs. 1 and 2 [Cahill's Ill. St. ch. 70, ¶¶ 1, 2]); that on August 4, 1920, the court, on plaintiff's motion, entered an order defaulting defendant for want of appearance; and that on October 29, 1920, being in the October term, 1920, the court, on a reference to assess plaintiff's damages and after hearing all the allegations and proofs submitted by plaintiff, found the defendant guilty and assessed plaintiff's damages at $3,500, and entered judgment against defendant in said sum. From the declaration it appears, in substance, that defendant was charged with causing the death on May 30, 1920, of plaintiff's intestate, Dorothy Polokowski, while negligently driving his automobile in an easterly direction upon and along West North avenue, at the intersection of Paulina street, in the City of Chicago, and which automobile struck plaintiff's intestate, while she, with due care for her own safety, was traveling southwardly across said West

North avenue. Each count of the declaration contained the following allegation:

"And plaintiff further alleges that the said Dorothy Polokowski left her surviving, Christ Polokowski, her husband, and next of kin, who is still living; and that by reason of the death of the said Dorothy Polokowski, as aforesaid, the said Christ Polokowski has been and is deprived of his means of support and divers large sums of money which deceased was accustomed to and did and would have continued to contribute to him and to her estate."

It is first contended by counsel for defendant that the declaration does not state a cause of action because it fails to allege the names and relationship of the "next of kin."

It is the law of this State that in an action to recover damages for causing the death of a person by wrongful act, neglect or default, the declaration must allege that the deceased left surviving a widow, or husband, or next of kin. (*Chicago & R. I. R. Co. v. Morris*, 26 Ill. 400, 402; *Quincy Coal Co. v. Hood*, 77 Ill. 68, 72; *Lake Shore & M. S. Ry. Co. v. Hessions*, 150 Ill. 546, 556; *Foster v. St. Luke's Hospital*, 191 Ill. 94, 96.) Under the construction given to the statute (Hurd's Rev. St. ch. 70, secs. 1, 2) a remedy is given to the husband as well as to the wife. (*City of Chicago v. Major*, 18 Ill. 349, 359; *Cleveland, C., C. & St. L. Ry. Co. v. Baddeley*, 150 Ill. 328, 335; *Rautman v. Chicago Consol. Traction Co.*, 156 Ill. App. 457, 459.) In *Quincy Coal Co. v. Hood*, 77 Ill. 68, the declaration limited the next of kin of the deceased to the father, but on the trial it appeared that the deceased left a mother, as well as father, and five brothers and sisters, and the court instructed the jury that, if they found defendant guilty, they should assess plaintiff's damages at the amount of the pecuniary loss sustained, if any, by the next of kin to deceased, "that is to say, his father, mother, and brothers and sisters." The jury found the defendant guilty and assessed damages. The reviewing court held, in substance, that under the

rules of pleading and evidence, where plaintiff in his declaration had specified only the father as next of kin, it was not proper to allow proof that there were other next of kin and thereby superadd their pecuniary loss to that of the father, and reversed and remanded the cause.  The court said (p. 74) : "If there had been a general allegation that deceased left a widow, or that he left next of kin, without naming or specifying the person, or alleging any more specific relationship, the admissibility of evidence upon the trial would depend upon an entirely different principle.  No question of either variance or surprise could be raised.  But the pleader having named the father, and defined his relationship to the deceased, as showing the pecuniary interest in the deceased, which had been taken away, the defendant would be justified in supposing that to be the only interest affected, and come prepared to meet the case as made in the declaration."  In the present case a portion of the allegation in the declaration, which is complained of, is that "Dorothy Polokowski left her surviving, Christ Polokowski, her husband, and next of kin, who *is* still living."  This suggests that the words "and next of kin" may be regarded as being merely descriptive of the surviving husband, although according to the literal meaning of the expression a husband is not next of kin to his wife (*Townsend v. Radcliffe,* 44 Ill. 446, 450; *Lockwood v. Moffett,* 177 Ill. 49, 55), and we think that the allegation may be construed to mean that Christ Polokowski, the husband, was the only person entitled under the statute to recover pecuniary damages.  In this connection reference is made to the cases of *Pittsburgh, C., C. & St. L. Ry. Co. v. O'Donnell,* 118 Ill. App. 335, 338, and *Gordon v. Grand Trunk Western Ry. Co.,* 209 Ill. App. 195, 200.  Furthermore, by treating the words "and next of kin" as surplusage, we think that the allegation is sufficient.  It is also alleged that, by reason of the death of the deceased, "the said *Christ Polokowski* has been and is deprived of his means of support

and divers sums of money," etc. And we do not think that, as counsel further contend, it was incumbent upon the plaintiff to allege what specific sums of money the deceased during her lifetime had contributed to the support of the husband, or that he was dependent upon her for support. "Where the relation of husband and wife, or parent and child, exists, the law presumes pecuniary loss from the fact of death." (*Holton v. Daly*, 106 Ill. 131, 138; *Chicago, P. & St. L. R. Co. v. Woolridge*, 72 Ill. App. 551, 554.) The defendant, by suffering a default, admitted the truth of such allegations in the declaration as were well pleaded, and on the assessment of damages it must be presumed that the trial court performed its duty and heard evidence touching the pecuniary loss of Christ Polokowski, the husband, and that the finding as to such loss or damage was based upon competent evidence. No point is made that the damages assessed are excessive, and in the absence of a bill of exceptions the question is not before us.

It is secondly contended by counsel for defendant, in substance, that the transcript of the common-law record fails to show any jurisdiction on the part of the court to enter the default order of August 4, 1920, or the judgment order of October 29, 1920, in that it does not affirmatively appear that on those days there was a legally constituted court, duly convened.

At the beginning of the transcript of the record, duly certified to by the clerk of the court, is the following:

"United States of America.

"State of Illinois ⎱
  County of Cook ⎰ ss.

"Pleas, before the Honorable Joseph B. David, one of the judges of the Superior Court of Cook County, in the State of Illinois, holding a branch Court of said Court, at a regular term of said Superior Court of Cook County, begun and holden at the Court House in the City of Chicago, in said County and State, on the first Monday, being the 4th day of October, in the year

of our Lord one thousand nine hundred and twenty, and of the Independence of the United States of America, the one hundred and forty-fifth.

Present:—THE HONORABLE JOSEPH B. DAVID,
                    Judge of the Superior Court of Cook
                       County
                    MACLAY HOYNE, State's Attorney
                    CHARLES W. PETERS, Sheriff of Cook
                       County
Attest:  JOHN KJELLANDER, Clerk."

That portion of the transcript showing the entry of the order defaulting defendant is as follows:

"And afterwards, to-wit, on the 4th day of August, A. D. 1920, the following proceedings were had and entered of record *in said court*, to-wit:

"Otto Paul, as administrator of the Estate of Dorothy Polokowski, deceased, vs. Max S. Weber, Case. 355,271."

(Here follows the default order in the usual form.)

That portion of the transcript showing the order of reference to the court to assess plaintiff's damages, the fact of the hearing by the court on the question of damages, the court's finding and assessment of damages, and the entry of the judgment, is as follows:

"And afterwards, to-wit, on the 29th day of October, A. D. 1920, the following proceedings were had and entered of record *in said court*, to-wit:"

(Here follows the title and number of the case, and the order in usual form.)

In *Swartzbaugh v. People*, 85 Ill. 457, 459, it is said:

"It is urged that there is nowhere in the record a convening order for the April term, 1876, at which it is claimed plaintiff in error was convicted. We have examined the record filed in this case, and fail to find any such order. The transcript states that at the April term, 1876, of the court, certain proceedings were had, amongst which was the trial and conviction of plaintiff in error. Such an order should appear as was held in the case of *Planing Mill Lumber Co. v. City of Chicago*, 56 Ill. 304. The clerk, it is true, says in the transcript that there was an April term, but the statement is only his conclusion. The record of the

court should have shown how the court was organized, and he should have copied the convening order into the transcript, that it might appear whether there was a court regularly organized. The objection is raised, and we, from an inspection of the transcript, are unable to say whether there was a legally organized court in session. If there was such a *placita* in the records of the case, it is singular that the State's Attorney did not procure a copy of the order, and file it with the transcript in this court, and thus have obviated the objection. The judgment of the court below, on the record before us, must be reversed and the cause remanded.''

Similar decisions have been rendered in the cases of *Keller v. Brickey*, 63 Ill. 496; *City of Alton v. Heidrick*, 248 Ill. 76, 79; *St. Louis, A. & T. H. R. Co. v. Goodall*, 43 Ill. App. 234; *City of Chicago v. Brennan*, 61 Ill. App. 247, 249; but they are all cases where no *placita* or convening order of the court is contained in the transcript, either for the term at which the judgment was rendered or at any other time. The transcript in the present case shows a *placita* or convening order of the court on the first Monday of the October term, 1920, and what judge and other officials of the court were present. This is the same term at which the judgment in question subsequently was entered. The transcript also shows that when the default order was entered in this particular cause it was a part of the ''proceedings had and entered of record *in said court*'' on said day. In the case of *Leafgreen v. Leafgreen*, 127 Ill. App. 184, it appeared that a certain decree had been entered in the superior court of Cook county at the April term, 1905, which decree recited that the evidence had been heard at the preceding March term; that in the transcript of the record in the Appellate Court there was a *placita* of said April term, showing that the decree was entered by the judge who signed the bill of exceptions, but that there was no *placita* for the March term; and that it was contended that because no *placita* for the March term was in the tran-

script the decree must be reversed. The Appellate Court overruled the contention, saying (p. 186): "The usual practice in this State, so far as we are advised, is to insert in the transcript of the record of a judgment or decree on appeal or writ of error, the *placita* of the term at which the judgment was rendered or decree entered, and we know of no case that holds that a *placita* of each term at which proceedings in a cause were had, or an order entered, must be inserted in the transcript." We are of the opinion that counsels' second contention is without merit.

It is lastly contended by counsel that the declaration is substantially defective in that it is not shown in the body of any of the counts in what county or State the accident and death of decedent occurred.

In the caption of the declaration, which is one of the formal parts thereof (Andrews Stephen's Pleading, 2nd Ed., sec. 94), are the words "State of Illinois, County of Cook, SS." and in each count of the declaration it is alleged, in substance, that West North avenue and Paulina street, at the intersection of which the accident occurred, are "in and within the corporate limits of the City of Chicago, in the County and State aforesaid," and that in consequence of injuries received the deceased died on May 30, 1920, "in the County and State aforesaid." As to the allegation where the accident occurred, we will take judicial notice that the City of Chicago is within the State of Illinois. As to the allegation as to the place of death, "in the County and State aforesaid," by referring to the words in the caption of the declaration, we think that the venue appears to be sufficiently laid. (1 Chitty on Pleading, *p. 276; *St. Louis, J. & C. R. Co. v. Thomas*, 47 Ill. 116, 118; *Chicago City Ry. Co. v. McMeen*, 206 Ill. 108, 116.)

Finding no error in the record the judgment of the superior court is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.