Henry Calbreath et al., Appellees, v. Forrest P. Beckwith, Appellant.

8

May term, 1930.       Opinion filed September 22, 1930. Heard in this court at the

MAURICE V. JOYCE and LOUIS P. ZERWECK, for appellant.

D. R. WEBB and W. E. KNOWLES, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court,

Henry Calbreath and his wife Ida purchased some real estate from appellant for which they agreed to pay $3,500, $700 in cash and the balance in monthly payments; and the agreement was evidenced by a written contract, dated August 8, 1921. The purchasers occupied the premises for about two years when domestic trouble resulted in a divorce. The wife married again and became Ida Gravot. In 1923, Calbreath informed appellant that he could not keep up his payments and returned the contract. Sometime later appellant sold and conveyed the premises to another party. Calbreath and his former wife sued appellant in an action of assumpsit to recover the payments made under the contract of purchase and also to recover for improvements alleged to have been made after the date of purchase. That case resulted in a judgment in favor of appellant. The case was tried before the court, without a jury, on February 16, 1927, and was taken under advisement and during the April term of court, on July 20, 1927, the judgment aforesaid was rendered. No appeal orders were taken and the April term of court was finally adjourned on September 3, 1927.

The plaintiffs in that suit filed a bill in equity to set aside the judgment aforesaid and for a new trial. Their bill averred that the January term 1927 of the circuit court was duly convened on the second Monday of January with Judge Crow presiding; that the cause was set for trial on February 16, at which time the parties and their counsel appeared and waived a trial by jury; that the cause was then and there heard by Judge Bernreuter, one of the judges of the circuit; that at the close of the evidence the judge announced that he would take the case under advisement; that it was agreed that written briefs would be submitted to the court by the respective counsel; that no briefs were filed, and that the January term closed on April 9,

and the cause was continued; that the April term of court was duly convened on the second Monday of April with Judge Crow presiding.

The bill avers that on July 14, 1927, court was adjourned until July 20, 1927; that on July 20, an order was entered in the said cause as follows: "The court finds the issues for the defendant. Judgment in bar of action and against plaintiffs for costs"; that the judgment was expanded by the clerk as follows: "Now on this 20th day of July A. D. 1927, it being one of the regular judicial days of the present term of this court, comes the parties to this suit by their attorneys, respectively, trial by jury waived, and cause heard by the court—agreement of parties, evidence heard, finding for defendant, judgment in bar of action and against plaintiffs for costs. Therefore it is considered by the court that the defendant do have and recover of and from the plaintiffs his costs and charges in this behalf expended, and that execution issue therefor." (We have omitted the title of the cause.)

The bill avers that neither the complainants nor their attorneys were present in court on July 20, 1927, and that they never learned that a judgment had been rendered on that day until sometime in November; that the April term of court closed on September 3, 1927; that when they learned of the entry of the judgment it was too late for them to appeal or procure a bill of exceptions; that it was the practice, in that court, for the judge on entering a judgment, in a case taken under advisement, when counsel were not present, to notify counsel of the entry of the judgment, or for the clerk to give such notice either with or without the direction of the court.

The material averments of the bill upon which complainants based their right to relief are: That the record does not show that Judge Bernreuter was the presiding judge of the court on February 16, 1927,

when he heard the cause and took it under advisement, and that by reason thereof the proceedings had on that day were null and void; that although the court adjourned on July 14, 1927 to July 20, 1927, the record does not show a reconvening of the court on the latter date or that any one of the judges presided on that date; that the judgment entered on July 20, was not entered while the court was in session but was entered in vacation; that no notice was given of the entry of the judgment in violation of a custom or practice in such cases; that the judgment rendered was contrary to the law and the evidence presented in the case and that plaintiffs were entitled to recover $5,000; that the judgment was entered through accident, mistake, misprision, or inadvertence without any fault or negligence of complainants or their attorneys. During the pendency of the chancery suit Henry Calbreath died and the cause was prosecuted by his former wife, Ida Gravot, alone.

If the common law cause was heard and taken under advisement on February 16, 1927, by a judge who was not then holding court, and a judgment was rendered on July 20, 1927, when court was not in session, the judgment would be null and void. That being true, appellee could have had the judgment vacated, on motion, at a subsequent term. A judgment which the court had no jurisdiction to enter may be vacated at a later term. *City of Chicago v. Nodeck,* 202 Ill. 257; *People v. Weinstein,* 298 Ill. 264. For that reason appellee had an adequate remedy at law by a motion to vacate a void judgment. A bill in equity to vacate a judgment at law and allow a new trial cannot be maintained where the complainant has an ample remedy in the law court to set aside the judgment of which complaint is made. *Simpson v. Simpson,* 273 Ill. 90. The record shows that on February 16, 1927, the parties waived a jury and that there was a trial by the court. Appellee offered no evidence in support of the

averment of her bill that Judge Bernreuter was not the presiding judge on February 16, 1927, when he heard the cause and took it under advisement. She averred, in her bill, that the court was in session on July 14, and adjourned until July 20, 1927, but that the record does not show the reconvening of the court on the latter date or that any one of the judges presided on that day. The evidence shows that the April term of court was duly convened with Judge Crow presiding. A placita for the term at which judgment was entered is sufficient to show the legal organization of the court. *Leafgreen v. Leafgreen,* 127 Ill. App. 184; *Paul v. Weber,* 223 Ill. App. 257.

The record does not seem to contain a special placita for July 20, 1927, but it does show that on that day Judge Bernreuter entered a formal order signed by him, appointing a court reporter, and in which order it is recited that July 20, 1927, was one of the judicial days of the April term 1927 of said court. The judgment entered in the case under consideration July 20, 1927, was shown to be in the handwriting of Judge Bernreuter and as written up by the clerk the judgment recites that July 20, 1927, was one of the judicial days of the April term of court.

It clearly appears, both from the averments of the bill and the proof, that the April term of court was duly convened and was in session on July 14, 1927, and at that time was adjourned until July 20, 1927. It also appears that Judge Bernreuter was present on July 20, 1927, and transacted judicial business. Whenever a judge is present at the time and place designated by law for the transaction of judicial business, and there assumes to transact such business, his acts may be considered as the acts of the court of which he is judge; 15 C. J. 816.

After a defendant is served with process, both parties are bound to be in court, and are charged with

knowledge that any proper order may be made at any time, in the absence of a rule excusing attendance unless notice is given. *Bonney v. McClelland,* 235 Ill. 259; *Hickman v. Ritchey Coal Co.,* 252 Ill. App. 560. An alleged custom or practice cannot become a rule of court because a rule of court is not valid unless spread upon the records of the court. *Illinois Cent. R. Co. v. Haskins,* 115 Ill. 300. The existence of a rule must be shown by the records of the court and cannot be shown by affidavits. *Davis v. Northwestern El. R. R. Co.,* 170 Ill. 595. In any event the custom alleged to have existed was that after the entry of a judgment, when counsel were not present, the judge or clerk would notify counsel that a judgment had been rendered. Nothing was averred or proved with reference to the length of time within which such notice would be given under the alleged custom.

The averments of the bill, to the effect that appellee lost her right to appeal and to procure a bill of exceptions was without any fault or negligence on her part or that of her attorneys, was very material. No evidence was offered in support of that averment other than a failure to observe the alleged custom or practice of giving notice to counsel after the entry of a judgment. The evidence shows beyond question that the cause was heard on February 16, 1927, at which time it was agreed that counsel would submit briefs to the court and that no briefs were ever submitted. The court had the cause under advisement until July 20, 1927, and there is no pretense that appellee, or her attorneys, ever made any inquiry of the clerk, or that they examined the docket until someone else called their attention to the fact that a judgment had been rendered. In our opinion the decree is contrary to the law and the evidence and it is therefore reversed.

*Reversed.*