In re Estate of Rebecca Kurlandsky, Deceased.
G. C. Babcock, Appellee, v. Hymie Kurlandsky, Administrator of Estate of Rebecca Kurlandsky, Deceased, Appellant.

Gen. No. 41,437.

Opinion filed January 22, 1941.

Louis B. Simon, of Chicago, for appellant.

William M. Johnson and Warden & Becker, both of Chicago, for appellee.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

A claim for the sum of $2,897.10, plus interest, was allowed in the probate court in favor of plaintiff G. C. Babcock and against the estate of Rebecca Kurlandsky, deceased. An appeal was taken from that order and filed in the circuit court where it was tried *de novo* without a jury. The judgment order of the circuit court reads as follows:

"It is ordered, adjudged and decreed that the claim of G. C. Babcock be and the same be allowed as a sixth class claim against the Estate of Rebecca Kurlandsky, in the amount of twenty-eight hundred ninety-seven and 10/100ths dollars together with interest at 5% from June 16, 1939, to date, being the sum of one hundred thirty-two dollars being a total of three thousand twenty-nine and 10/100th dollars ($3065.10)— and to which ruling of the Court and the entry of the order and judgment of Court allowing said claim as a sixth class claim to be paid in due course of administration. Hymie Kurlandsky, administrator, duly excepts appeal bond being fixed at $500.00."

The court overruled the various motions for findings in favor of defendant and entered judgment as aforesaid.

This appeal was taken by the administrator of the estate of Rebecca Kurlandsky, deceased, from the judgment order of the circuit court.

The only pleadings for the claimant was the claim made in the probate court. Defendant filed a statement of defense and also a supplemental statement of defense.

Claimant's theory of the case is that he exhibited the so-called claim on the last day of the year of probate on which day the claim summons issued and further contends that the claim was properly exhibited to the probate court of Cook county pursuant to the statute then in force; that rule 11 of the probate court with which defendant contends claimant did not comply, is in contravention of the statute respecting the filing of claims against estates, and is therefore null and void and of no effect, and further if rule 11 were construed as a valid rule in that it regulates the business of the court, then it is appellee's contention that the claimant did substantially comply with the provisions of said rule and that the evidence adequately supports the

finding of the court. Also, upon filing claim summons issued as provided by statute.

Defendant's theory of the case is that the claim was not valid; that the claimant failed to mail a copy of the purported claim or of the instrument upon which the purported claim was based, to the attorney of record for the estate, as required by said rule 11 of the probate court, then in force; that it was inadequate to allow any claim of which there was no notice as required by rule of court after bona fide distribution in the estate after the year; that there was no evidence of the execution by deceased of the papers attached to the purported claim.

It appears that the claim was filed on the last day for filing claims and the testimony shows that the attorney for the estate went to the office of the clerk of the probate court on said last day in the forenoon and finding no notice on the books, he immediately thereafter distributed the estate.

It further appears that notice of the claim was mailed to the attorney for the estate and said letter was postmarked March 13, 1939. The statute in force on March 10, 1939, at the time the claim in question was filed, Ill. Rev. Stat., ch. 3, sec. 70, subpar. 6 [Jones Ill. Stats. Ann. 110.071], reads as follows:

"Sixth. All other debts and demands of whatever kind without regard to quality or dignity, which shall be exhibited to the court within one year from granting of letters as aforesaid.

"All claims and demands of whatever class not exhibited to the court within one year from the granting of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator; . . . ."

The statute also provided for the manner in which claims are to be exhibited as set forth in ch. 3, par. 62,

sec. 61, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.062], as follows:

"Whoever has a claim against an estate, and fails to present the same for adjustment on the return day selected by the executor or administrator, may file a copy thereof with the clerk of the court; whereupon, unless the executor or administrator will waive the issuing of process, the clerk shall issue a summons, directed to the sheriff of the county, requiring such executor or administrator to appear and defend such claim on a return day therein specified, which summons, when served, shall be sufficient notice to the executor or administrator of the presentation of such claim."

It is not disputed that the claimant complied with the statute in filing his claim; that is it was filed within the year and summons issued, but notice under the probate court rule was not mailed until a few days thereafter. It is, however, contended by defendant that rule 11 of the probate court in force March 10, 1939, imposed on all claimants the additional requirement of mailing a true copy of such claim and instrument upon which the claim is based, to the attorney of record for the estate at the time of the filing of such claim and to certify such mailing on the original claim.

Rule 11 of the probate court in force at the time, reads as follows:

"A verified original of every claim against an estate shall be filed with the Clerk of the Court, and if founded upon a written instrument, a copy thereof shall be attached to the claim. Unless the executor or the administrator shall enter his appearance or consent to the allowance of such claim, it shall be the duty of the claimant to mail a true copy of such claim and instrument, to the attorney of record for the estate at the time of the filing of such claim, and on the original claim to certify such mailing."

Claimant contends that the rule in question is in contravention of the statute above quoted in that the rule superimposes an additional requirement on claimants in exhibiting claims. Being thus in contravention of the statute claimant contends that rule 11 is void and of no effect.

We do not think we are called upon to determine whether or not rule 11 of the probate court is void and of no effect. Generally, courts have no power to impose upon parties any conditions as to the exercise of their rights under the law that are not imposed by the law. Defendant in this case concedes that the rule regulates the business of the court and, while courts may make rules for the orderly disposition of business before them, they are not granted power by rule to change the substantial rights of parties which are given to them by statute.

We do not think the failure of the defendant to comply literally with the rule of court, destroyed the jurisdiction of the court to try the cause. No harm was done as defendant received a copy of the notice in compliance with the rule, 2 or 3 days after the claim was filed.

It was attempted on behalf of defendant to show the custom in closing an estate in the probate court of Cook county. An alleged custom or practice cannot become a rule of court. *Calbreath v. Beckwith,* 260 Ill. App. 7.

As to the controverted questions of fact, there have been two trials in this cause and the trial judge in each instance saw the witnesses and heard them testify and was in a better position to judge as to their credibility and to decide wherein lay the preponderance of the evidence than is a court of review.

We have quoted the judgment order of the circuit court and it will be noted that judgment was entered for $2,897.10, plus interest at the rate of 5 per cent

from June 16, 1939, but that an error was made in adding the interest to said amount.

We are hereby affirming the judgment of the circuit court for the sum of $2,897.10, plus interest at the rate of 5 per cent from June 16, 1939 to date.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.